# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **SOUTH HOLSTON DENTAL DESIGNS, PLLC, ET AL.,** | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:22CV00001 |
| v. | ) ) | **OPINION AND ORDER** |
| **INNOVATIVE COMPUTER SERVICES, INC., ET AL.,** | ) ) ) ) | JUDGE JAMES P. JONES |
| Defendants. | ) | |

The plaintiffs, owners of a dental practice, sought damages against its IT supplier, alleging that after it had been terminated, caused the surreptitious entry into the dental practice's computer network and destruction of valuable patient records. The defendant corporation and its two individual officers were declared in default after failing to respond to the lawsuit and did not appear themselves or by counsel at the jury trial held to determine damages.[1]

At trial the plaintiffs proved that they had suffered direct economic damages in the amount of $641,332.11, including loss revenue from patients who left the practice because of the loss of records, excess employee costs for remediation, free

---

[1] The plaintiffs' Complaint established federal question subject-matter jurisdiction, 28 U.S.C. § 1331, based on the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. The plaintiffs also asserted supplemental state causes of action pursuant to 28 U.S.C. § 1367(a).

X ray services to patients, and payments for outside technical assistance and repair. They also sought non-economic damages for inconvenience and damage to reputation as well as punitive damages against each defendant. The jury returned a verdict for total compensatory damages to the plaintiffs in the amount of $1,186,332.11, together with punitive damages against defendant Innovative Computer Services, Inc., in the amount of $250,000, defendant Dustin Zane Power in the amount of $350,000, and defendant Kimberly E. Powers in the amount of $150,000. Verdict, ECF No. 45.

The court entered judgment on the jury's verdict, tripling the amount of compensatory damages as required by the Virginia business conspiracy statute, Va. Code Ann. § 18.2-500. However, I advised plaintiffs' counsel that I was considering granting sua sponte a new trial as to compensatory damages because "the evidence at trial did not support the higher verdict of $1,186,332.11." Order, ECF No. 49.[2] The plaintiffs were granted leave to file a brief in opposition to a remittitur of the compensatory damages award to $641,332.11, the amount of the proved economic damages, before trebling.

---

[2] "No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion." Fed. R. Civ. P. 59(d).

That brief has been received and carefully considered, and the issue is ripe for decision.

In an action based on federal question jurisdiction, as here, whether a verdict is excessive is a question of federal law. *McCollum v. McDaniel*, 136 F. Supp. 2d 472, 476 (D. Md. 2001), *aff'd,* 32 F. App'x 49 (4th Cir. 2002) (unpublished). As recently stated by a district court in this circuit:

> When a damages award is challenged as excessive, the Court reviews the award under the first two prongs of the Rule 59 standard: whether the jury's verdict is against the weight of the evidence or based on evidence which is false. This review requires the Court to compare the factual record and the verdict to determine their compatibility. If the Court determines that a jury's damages award is excessive, it is the court's duty to require a remittitur or order a new trial.
>
> In reviewing a motion for new trial, the Court is permitted to weigh the evidence and consider the credibility of the witnesses. The decision to grant or deny a new trial is a matter within the Court's sound discretion.

*Hogan v. Cherokee Cnty.*, No. 1:18-CV-00096-MR-WCM, 2022 WL 588397, at *1–2 (W.D.N.C. Feb. 23, 2022) (internal quotation marks and citations omitted). If the court finds a verdict is excessive, the "preferable course . . . is to grant a new trial *nisi remittitur*, which gives the plaintiff the option of accepting the remittitur or of submitting to a new trial." *Eshelman v. Puma Biotechnology, Inc.*, 2 F.4th 276, 285 (4th Cir. 2021) (citations omitted).

In their brief in opposition to remittitur, the plaintiffs contend that the amount of compensatory damages awarded by the jury more than the direct economic

damages suffered was justified by the testimony at trial relating to harm to the reputation of the plaintiffs "in the local business community" caused by the loss of computer data.   Pls.' Resp. 4, ECF No. 50.

Sherry Lawless, the plaintiffs' Director of Operations, did testify at trial concerning the dental practice's good reputation.  But she otherwise stated only that it had been "very embarrassing" and made "us look bad" during the time that they could not explain what had happened to theirs information, to have to call other dental offices to get information about patients that the other offices had earlier sent them.  The president of the corporations, Scott Miller, DDS, testified only that "most people were understanding" about the need to reconstruct their dental and health history because of the loss of data, even though it was "kind of embarrassing."[3]

The plaintiffs did introduce the calculated monetary loss resulting from diminished patient revenue, based on a comparison of earlier periods of time.  I find that the other trial testimony was insufficient to support a finding by the jury of additional monetary harm to reputation and the finding is against the weight of the evidence.  A remittitur is thus necessary.  Because the plaintiffs have agreed to accept remittitur in lieu of a new trial, Pls.' Resp. 5, it is **ORDERED** as follows:

---

[3] I have reviewed the court reporter's drafts of the testimony of Dr. Miller and Ms. Lawless.

-5-

1. The judgment previously entered in this case on July 18, 2023, ECF No. 48, is VACATED; and

2. A new judgment will be entered herewith, reducing the amount of compensatory damages to $1,923,996.33, representing the sum of $641,332.11 trebled.

        ENTER:   August 8, 2023

        /s/  JAMES P. JONES
        Senior United States District Judge